Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone: (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
MARVIN POPE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN POPE<br><br>  Plaintiff,<br><br>vs.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.<br><br>  Defendant, | Case No.: '23CV0930 LAB JLB<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); (2) VIOLATIONS OF THE FDCPA (15 U.S.C. § 1692 *ET. SEQ.);* AND (3) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES
### INTRODUCTION

1. MARVIN POPE (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against ALLIANCEONE RECEIVABLES MANAGEMENT, INC. (hereinafter referred to as "ALLIANCEONE" or "Defendant") pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or

Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. C. §§ 1788-1788.32 ("RFDCPA"), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1]  Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be

---

[1] CA Civil Code §§ 1788.1(a)-(b)

subject to the remedies in Section 1692k of, Title 15 of the United States Code.

4. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

6. As the Ninth Circuit stated in *Henderson v. United Student Aid Funds, Inc.*:

> Under the TCPA, it is unlawful to "to make any call (other than . . . with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Telemarketers, debt collectors, and others obtain phone numbers consumers did not consent to be called on through skip tracing. Because consumers did not provide … "prior express consent" to be called on those numbers. Therefore, if the numbers were also auto dialed, the calls violated the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).
>
> *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1071-72 (9th Cir. 2019).

7. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made and based upon personal knowledge.

**JURISDICTION AND VENUE**

8. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; the FDCPA found in 15 U.S.C. § 1692 *et. seq.*; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*

9. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the

*Pope v. Alliance One - Complaint for Damages*

unlawful practices alleged herein involve a federal question under both the FDCPA and TCPA.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendant regularly conduct business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.  Both Defendant are registered with the CA Secretary of State to do business in California.

## PARTIES

13. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

15. Defendant ALLIANCE ONE is a Delaware Corporation whose headquarters is in Pennsylvania.  Defendant ALLIANCE ONE's primary business purpose is the servicing and collection of debt on behalf of its clients.

16. Defendant ALLIANCEONE is a debt collection and factoring company that regularly attempts to collect, on behalf of itself and other parties, using mails, electronic communication, and telephone, "consumer debts" allegedly owed to it,

1    as that term is defined by Cal. Civ. Code §1788.2(f).

2    17. When individuals owe the clients of Defendant ALLIANCEONE consumer debts, Defendant ALLIANCEONE collects on those consumer debts allegedly owed to its clients through the mail, electronic communications, and via the telephone. Therefore, Defendant ALLIANCEONE is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and 15 U.S.C. § 1692a(6) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

18. Defendant is, and all times mentioned herein, was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

19. When individuals owe ALLIANCEONE's clients debts for consumer loans, bills, credit cards, and other similar obligations, ALLIANCEONE collects on those consumer debts allegedly owed to its clients using the mail, electronic communications, and the via the telephone. Therefore, ALLIANCEONE is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

20. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

21. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

22. This case involves money, property, or their equivalent, due or owing, or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." Thus, this action arises out of a "consumer debt" and "consumer

credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

23. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

24. Prior to 2022, Defendant ALLIANCEONE was retained to collect on a delinquent Target® branded retail store card allegedly owed by Plaintiff ("Debt"). The Debt was originally taken out for, and used for, personal and household expenses.

25. Upon being retained to collect on the Debt, agents for ALLIANCEONE began calling Plaintiff multiple times and requested payment using an ATDS and/or a Recorded Voice, often as many as twice per day, sometimes every day.

26. The collection calls were made to Plaintiff's cellular telephone.

27. Plaintiff sought out and retained an attorney to represent him with regards to the Debt being collected upon by Defendant ALLIANCEONE.

28. On February 3, 2023, an associate attorney at BLC Law Center, APC drafted and submitted for mailing a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS and/or Recorded Voice, that Plaintiff had retained Counsel, and that ALLIANCEONE needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). The Letter referenced the last four digits of Plaintiff's social security number next to his name to help ALLIANCEONE identify the Plaintiff's account.

29. The Letter informed ALLIANCEONE that Plaintiff was represented by Counsel and thus constituted written notice pursuant to 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged

consumer debt must be directed exclusively to Plaintiff's attorney, and the Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

30. The February 3, 2023 Letter was sent via Docsmit. Docsmit is a third-party company with no relation to Plaintiff or his Counsel. Docsmit's sole business is the sending of mail on behalf of customers. Docsmit provides a certificate of mailing and identifies the exact time a letter was sent.

31. Docsmit sent the February 3, 2023 Letter to:

> Alliance One
> 3043 Walton Rd., Ste. 201
> Plymouth Meeting, PA 19462-2389

32. The February 3, 2023 Letter was submitted by Plaintiff's Counsel to Docsmit on February 3, 2023, at 2:40 PM EST.

33. Docsmit's certificate of mailing reflects that Docsmit sent the Letter via USPS First Class mail on February 4, 2023, at 12:00 AM EST. Included with the certification of mailing, Docsmit stated:

> "*The information herein is certified by Docsmit.com, Inc. ("Docsmit") to be true and accurate as of the date and time this report was generated. All of the records relating to this communication were made at times proximate to those indicated. Docsmit has not permitted any of the parties hereto to modify the records*."

34. The address the February 3, 2023 Letter was sent to, is the address for loan accounts identified on ALLIANCEONE's website as the appropriate (and only) address listed for mailed correspondences (see a screenshot below):

35. Therefore, ALLIANCEONE received the February 3, 2023 Letter.

36. However, despite receipt of the February 3, 2023 Letter referenced above, which states that Plaintiff had revoked consent to be called via an ATDS and had retained counsel regarding the subject debts, representatives of ALLIANCEONE have continued to call Plaintiff more than seventy-five (75) times since February 3, 2023, on his cellular telephone via the use of and ATDS and/or Pre-Recorded

Voice messages.

37. Defendant ALLIANCEONE called from a number identified on Plaintiff's Caller ID as (866) 881-7582, among others.

38. ALLIANCEONE has called Plaintiff over seventy-five (75) times in total, after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to ALLIANCEONE, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the California Rosenthal Fair Debt Collections Practices Act.

39. Plaintiff alleges that ALLIANCEONE called Plaintiff in excess of seventy-five (75) times total, more than 2-3 times in a single day, and often more than seven (7) times per week, based on his recollection of the frequency of calls, as well as the records of calls that he has in his possession.

40. ALLIANCEONE, or its agents or representatives, have contacted Plaintiff on his cellular telephone over seventy-five (75) times since February 3, 2023, including using an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

41. Furthermore, some of ALLIANCEONE's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

42. Specifically, ALLIANCEONE used a pre-recorded message that stated:

> *Hello, this is a message from ALLIANCEONE. ALLIANCEONE is a debt collector. We're here to work with you on this account. Please give us a call back at 866-611-2731. We can help you from 8am to 8pm eastern standard time.*

43. The multiple calls made by ALLIANCEONE or its agents after February 3, 2023, were therefore made in violation of 47 U.S.C. § 227(b)(1).

44. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, instructing Defendant to cease calling Plaintiff's cellular telephone via

the use of an ATDS and/or Recorded Voice, which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, Defendant ALLIANCEONE continues to contact Plaintiff repeatedly to date.

45. As a result of Defendant's unfair, oppressive and abusive conduct in connection with their debt collection activity, Plaintiff was misled, confused, and has suffered mental anguish by way of stress and frustration. Plaintiff was also inconvenienced and lost time due to Defendant's harassing and unlawful collection practices. Thus, Plaintiff suffered actual damages as a result.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act**

**(15 U.S.C. § 1692 *et. seq.*)**

46. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

47. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

48. Further, 15 U.S.C. § 1692c(a)(2) provides in pertinent part,

> Communication with the consumer generally
>
> (a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

49. When Plaintiff's Counsel sent the February 3, 2023, to Defendant ALLIANCEONE, ALLIANCEONE was actually aware, or reasonably should have been aware, that Plaintiff was represented by an attorney and that Plaintiff had revoked consent in writing to call him.

50. By calling Plaintiff on his cellular phone over seventy-five (75) times after receipt of the February 3, 2023, Letter from Plaintiff's Counsel, Defendant violated 15 U.S.C. § 1692d(5) and 1692c.

51. As a result of the constant collection calls by Defendant ALLIANCEONE, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendant ALLIANCEONE are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant' violations of 15 U.S.C. § 1692 *et. seq*.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

## II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

**(Cal. Civ. C. § 1788.14 *et. seq.*)**

53. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

Cal. Civ. Code §1788.14(c) provides in relevant part,

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect

*Pope v. Alliance One - Complaint for Damages*

to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

54. When Plaintiff's Counsel sent the February 3, 2023, Letter to Defendant ALLIANCEONE, Defendant ALLIANCEONE was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

55. By calling Plaintiff on his cellular phone over seventy-five (75) times after receipt of the February 3, 2023, Letter from Plaintiff's Counsel, Defendant violated Cal. Civ. Code §1788.14(c).

56. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

57. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

58. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

59. Therefore, Defendant ALLIANCEONE's acts of calling Plaintiff over seventy-five (75) times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

60. As a result of the constant collection calls by Defendant ALLIANCEONE, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendan ALLIANCEONE are overwhelming.  Therefore, Plaintiff has suffered emotional

distress as a result of Defendant' violations of Cal. Civ. C. § 1788 *et. seq.*

61. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

## III.
## THIRD CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
**(47 U.S.C. § 227 *et. seq.*)**

62. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

63. Through the February 3, 2023 Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for ALLIANCEONE or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice, or by text message.

64. The foregoing acts and omissions of ALLIANCEONE constitutes numerous and multiple negligent violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

65. As a result of ALLIANCEONE's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## IV.
## FOURTH CAUSE OF ACTION
## Knowing and/or Willful Violations of the TCPA
**(47 U.S.C. § 227 *et. seq.*)**

67. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

68. Through the February 3, 2023 Letter sent by Plaintiff's Counsel to ALLIANCEONE's corporate headquarters, Plaintiff revoked any alleged consent for the ALLIANCEONE or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice, or by text message.

69. The foregoing acts of ALLIANCEONE constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

70. Therefore, since ALLIANCEONE or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff, and after being indisputably informed that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, ALLIANCEONE's acts were willful.

71. As a result of ALLIANCEONE's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for every one of ALLIANCEONE's over seventy-five (75) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

72. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant ALLIANCEONE CORP. herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

c. As to the Second Cause of Action, an award of actual damages Cal. Civ. Code §1788.30(a) and statutory damages pursuant to Cal. Civ. Code § 1788.30(b);

d. As to the Second Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

e. As to the Third Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1);

f. As to the Fourth Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C);

g. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

h. For such other and further relief as the Court may deem just and proper.

Dated: May 21, 2023         By:     BLC Law Center, APC

*s/ Ahren A. Tiller*
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: May 21, 2023     By:   BLC Law Center, APC

*s/ Ahren A. Tiller*
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff